UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RASHAD AC AND HEATING, LLC | CIVIL ACTION |
| VERSUS | NO. 22-5270 |
| C.D.W. SERVICES, LLC | SECTION M (5) |

**<u>ORDER & REASONS</u>**

Before the Court is a motion by defendant C.D.W. Services, LLC ("C.D.W.") to dismiss for lack of diversity subject-matter jurisdiction.[1] Plaintiff Rashad AC and Heating, LLC ("Rashad AC") opposes the motion,[2] and C.D.W. replies in further support of its motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion.

**I.   BACKGROUND**

This matter concerns claims for unpaid amounts due under a contract. Rashad AC alleges that it acted as a subcontractor for C.D.W. on a project and that C.D.W. has failed to pay invoices totaling $133,512.50 for the work Rashad AC performed.[4] Rashad AC filed this action against C.D.W., a Louisiana limited liability company ("LLC"), to recoup the money, asserting Louisiana state-law claims for breach of contract, failure to promptly pay, and open account.[5] In the complaint, Rashad AC, which is also an LLC, alleges that this Court has diversity subject-matter jurisdiction under 28 U.S.C. § 1332 because its sole member, Rashad Watson, is a citizen of

---

[1] R. Doc. 9.
[2] R. Doc. 10.
[3] R. Doc. 14.
[4] R. Doc. 1 at 1-2.
[5] *Id.* at 3-5.

1

Georgia; C.D.W.'s sole member, Christopher Walker, is a citizen of Louisiana; and there is more than $75,000 in controversy.[6] In support of its allegation of citizenship, Rashad AC attached to its complaint Watson's affidavit swearing that he is a citizen of Georgia.[7]

## II.    PENDING MOTION

C.D.W. filed the instant motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction, claiming that Watson is a citizen of Louisiana, not Georgia.[8]  C.D.W. argues that Watson must be a citizen of Louisiana because Rashad AC's filings with the Louisiana Secretary of State say that Watson is Rashad AC's registered agent and manager and list a Louisiana address for him.[9]

In opposition, Rashad AC argues that Watson recently moved to Georgia and has not had an opportunity to update Rashad AC's filings with the Louisiana Secretary of State.[10]  Rashad AC further points to Watson's affidavit that was filed with the complaint in which he swears that he is a citizen of Georgia.[11]

## III.   LAW & ANALYSIS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to challenge a court's subject-matter jurisdiction. "[A] claim is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory authority or constitutional power to adjudicate the claim." *Griener v. United States*, 900 F.3d 700, 703 (5th Cir. 2018) (quotation omitted).  The party asserting jurisdiction bears the burden of proving that subject-matter jurisdiction exists. *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone;

---

[6] *Id.* at 1.
[7] R. Doc. 1-2 at 2.
[8] R. Doc. 9.
[9] R. Docs. 9-1 at 5-8 (citing R. Doc. 9-4 at 1-7); 14 at 1-4.
[10] R. Doc. 10 at 1-2.
[11] *Id.* (citing R. Doc. 1-2).

2

(2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief." *Sureshot Golf Ventures, Inc. v. Topgolf Int'l, Inc.*, 754 F. App'x 235, 239 (5th Cir. 2018).

The sum of the evidence before the Court demonstrates that there is complete diversity. Watson has submitted a sworn affidavit stating that he is a citizen of Georgia. C.D.W.'s argument, based on documents that Rashad AC states need to be updated, does not support the notion that Rashad AC cannot prove any set of facts showing that Watson is a citizen of Georgia.[12] However, Rashad AC notes that if in discovery C.D.W. uncovers facts that demonstrate Watson is indeed a citizen of Louisiana, it may reassert its Rule 12(b)(1) motion to dismiss at that time.

**IV.   CONCLUSION**

Accordingly, for the reasons stated above,

IT IS ORDERED that C.D.W.'s Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction (R. Doc. 9) is DENIED.

New Orleans, Louisiana, this 23rd day of February, 2023.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[12] For example, while Rashad AC's latest annual report lists the same Louisiana address for the company and for Watson as its registered agent, the report also lists a Georgia address for Watson as the LLC's manager and member. R. Doc. 9-4 at 7.